# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. F. JONES, JR., Minor.

UNPUBLISHED
July 12, 2018

No. 342310
Monroe Circuit Court
Family Division
LC No. 16-023903-NA

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to a minor child based on his voluntary release of his rights. We affirm.

Petitioner, the Department of Health and Human Services filed a petition in September 2016 alleging that respondent was unable to care for the child, was without income and suitable housing, had a history of substance abuse and an extensive criminal record, was incarcerated on a probation violation, and would be in prison at least until August 2020. The trial court took jurisdiction over the child after respondent pleaded to some of the allegations in the petition on October 20, 2016. Petitioner filed a supplemental petition for permanent custody on July 19, 2017, alleging in part that the child's mother used illegal substances during her pregnancy, did not participate in drug screens, did not have suitable housing, and did not visit with the child. The mother voluntarily released her parental rights to the child on September 21, 2017, and is not a party to this appeal.

At a hearing on October 9, 2017, the trial court indicated that it was going to consider whether TS, the mother of respondent's other children, would be a suitable caregiver for the child. The court directed petitioner to complete a home study on TS. Petitioner determined that TS would not be a suitable caregiver. At a hearing on November 14, 2017, after consulting with his attorney and discussing the results of the home study, respondent executed a release of his parental rights. He stated that it would be in the child's best interests for the foster family to continue caring for the child.

After the court accepted respondent's release of parental rights, it signed an order terminating respondent's parental rights on the basis of the release. On December 17, 2017, respondent filed a petition for rehearing, claiming that he executed the release of his parental rights based on inaccurate information contained in the home-study report. He alleged that, had he known the information in the report was inaccurate, he would not have released his parental

-1-

rights but would have instead advocated for TS to become the child's legal guardian. The trial court heard testimony from respondent and denied respondent's petition after finding that respondent's release was made freely and with knowledge and understanding. The trial court considered the record and did not find good cause to allow rehearing.

Respondent argues that the trial court abused its discretion by denying his motion for rehearing. We review for an abuse of discretion a trial court's decision regarding a motion for rehearing. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). MCR 3.806(B) provides:

> The court must base a decision on whether to grant a rehearing on the record, the pleading filed, or a hearing on the petition. The court may grant a rehearing only for good cause. The reasons for its decision must be in writing or stated on the record.

Respondent first claims that in releasing his parental rights, he was misled by information about TS that was provided in the home-study report, and he should have been given the report "reasonably in advance" of the November 14 hearing, to give him time to rebut inaccuracies contained in it. However, even assuming, without deciding, that the report contained certain inaccuracies, respondent has failed even to argue that TS *would in fact* have been a suitable caregiver or able to become the child's legal guardian.[1] According to unrefuted information in the report, TS's children were not living with her. A foster-care worker testified that TS was "on Central Registry, . . . which would not allow us to place [the child] with her . . . ." In his appellate brief, respondent's basis for his allegations of inaccuracies in the report that led him to release his parental rights consists of the following statement he made at the motion for rehearing: "He [respondent's attorney at the time of the release] said that [TS] said to them and, like the incidences that happened in our past is incorrect. She said she didn't tell 'em the way that they put it in the report." This vague statement fails even to allege that the report was inaccurate to such an extent that TS would in fact have been a viable person for a guardianship. In addition, as noted by the trial court, respondent made his decision to release his parental rights after consulting with his attorney. Significantly, he did not request an adjournment or request to take testimony from TS in an effort to ascertain the accuracy of the report, and the substance of

---

[1] The whole basis for respondent's motion for rehearing was his assertion that he only signed the release because his "last resort" for maintaining a relationship with the child was for TS to be the child's guardian, and when he learned that TS was not an option for guardianship, he decided to release his rights and let the child remain with the foster parents. The problem with respondent's assertion is that he fails to show or even allege that petitioner's finding that TS was not an option for guardianship was erroneous.

the report was accurately transmitted to respondent at the time respondent made the decision to release his parental rights.[2] Under all the circumstances, there is no basis for reversal.

For his second issue on appeal, respondent contends that his release of rights was not made knowingly or voluntarily. He states that this is so because the home-study report contained inaccurate information, he had "no time" to review the report, and he had insufficient time to consider his waiver decision. His argument about inaccurate information is merely a rehash of his first appellate issue, which we have already rejected. In addition, respondent's attorney at the January 18, 2018, hearing stated that respondent "went over" the report with his former attorney at the time of the release of rights; respondent's assertion that he had "no time" to review the report is not correct. In addition, at the hearing regarding respondent's release of rights, the trial court cautioned and questioned respondent in great detail before accepting the release. Respondent stated that he was not under the influence of any drugs or medication that would affect his ability to release his rights. He stated that he understood that no one could force him to release parental rights and that he was doing it of his own free will. The trial court explained to respondent the implications of release, and respondent stated that he understood he was giving up all of his parental rights to the child. Respondent reiterated that he believed that release of his parental rights was in the child's best interests. Although respondent claims otherwise in his appellate brief, during the trial court's proceedings respondent stated that he had had enough time to discuss the matter with his attorney and that no one had put any pressure on him or coerced him to release his parental rights and consent to adoption. Respondent agreed that the release was his own, well-thought-out decision. Respondent stated that he understood that the release and consent were final and he would not be able to change his mind. Given the trial court's thorough questioning of respondent, there is no indication that the release was anything but knowing and voluntary. Again, respondent did not request an adjournment to consider matters further or to verify the validity of the home-study report. The trial court did not abuse its discretion by denying the motion for rehearing.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[2] At the January 18 hearing, respondent's new attorney stated that, at the time of the release of parental rights, respondent "did talk to [the former attorney], who I guess at the time . . . did have a copy of the report and went over it with him."